

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. 0-5418

Re: Construction of Article 1,
Section 1b, House Bill 176, 48th
Legislature, Regular Session.

You have submitted a question relating to Article 1, Section 1b, House Bill 176, 48th Legislature, Regular Session, which we take the liberty of restating, as follows:

Does Section 1b of Article 1 of such Act authorize high school tuition payments for months prior to September 1, 1943?

Section 1b of Article 1 provides:

"Provided further that House Bill 284 passed at the Regular Session of the Forty-seventh Legislature be amended so as to add Section 1a to Article 1 thereof as follows:

"Section 1a. Provided further that consolidated districts comprising nine hundred (900) square miles or more of territory, and provided that school districts whose area does not exceed sixteen (16) square miles and have an accredited high school of sixteen (16) units or more, which serve teacher training institutions as practice teaching laboratories, shall receive high school tuition payment of Seven Dollars and Fifty Cents ($7.50) per pupil per month on all high school pupils enumerated in said districts; provided further, that such aid

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shall not exceed the budgetary needs of said districts as indicated by the approval of the State Superintendent of Public Instruction or the Director of Equalization, and provided that such aid shall be paid upon such approval and such approval only regardless of all other limitations, restrictions or provisions imposed in this Act to the extent, for the purpose and in the manner set forth in this sentence. The provisions of Section 1, Article 1 of House Bill No. 284 passed at the Regular Session of the Forty-seventh Legislature are not applicable to the aid granted in this section.

"'All laws and parts of laws in conflict herewith are hereby expressly repealed, and particularly such portions of Section 1 of Article IV of said House Bill No. 284, Forty-seventh Legislature as may be in conflict herewith; however, budgetary need must be shown before aid shall be granted.'"

Section 1a of Article 1 provides:

"Provided further that school districts whose area does not exceed sixteen (16) square miles and have an accredited high school of sixteen (16) units or more, which serve teacher training institutions as practice teaching laboratories, shall receive high school tuition payment from the monies appropriated in this Act of Seven Dollars and Fifty Cents ($7.50) per pupil per month on all high school pupils enumerated in said districts; provided further that such aid shall not exceed the budgetary needs of said districts as indicated by the approval of the State Superintendent of Public Instruction or the Director of Equalization, and provided that such aid shall be paid upon such approval and such approval only, regardless of all other limitations, restrictions or provisions imposed in this Act to the extent, for the purpose, and in the manner set forth in this sentence, if budgetary need can be shown therefor, and provided further that in consolidated districts

Honorable Geo. H. Sheppard - page 3

comprizing nine hundred (900) square miles or
more of territory a straight tuition payment
of Seven Dollars and Fifty Cents ($7.50) per
month per pupil shall be paid on all high
school pupils enumerated in the consolidated
district and living within the present bounda-
ries of any territory annexed or otherwise con-
solidated to the central receiving high school,
and can show budgetary need therefor. Provided
further that the maximum limitations as to scho-
lastic population for eligibility herein set
forth shall not apply for any type of aid to
any school district, which is nine (9) miles
or more in length and assesses and collects
One Dollar and Thirty-five Cents ($1.35) tax
on each one hundred dollars valuation, and can
show budgetary need therefor."

Article 16 of such Act provides in part:

". . . this Act shall take effect and
be in force from and after September 1, 1943.
. . ."

In view of the provision of Article 16, the Act
does not take effect until "from and after September 1,
1943." Rudco Oil & Gas Co. v. Lemaster, 146 S. W. (2)
806.

It is settled that a statute will not be con-
strued to operate retrospectively, unless its terms show
clearly a legislative intention that it should have that
effect. It is always presumed that statutes are to oper-
ate prospectively, and all doubts are resolved in favor
of such construction. American Surety Co. v. Alamo Iron
Works, 29 S. W. (2) 403, rev. (Com. App.) 36 S.W.(2) 714;
Rockwall Co. v. Kaufman Co., 69 Tex. 172, 6 S. W. 431;
Freeman v. Terrell, 115 Tex. 530, 284 S. W. 946; Life Ins.
Co. v. Ray, 50 Tex. 511; Mellinger v. City of Houston,
(Tex.) 3 S. W. 249, Wichita Falls & S. R. Co. v. Lindley,
143 S. W. (2) 428; Purser v. Pool, 146 S. W. (2) 942; 59
C. J. 1169.

Obviously, Section 1a of Article 1 has only a prospective operation; that is, it authorizes the payments specified only for months occurring after the effective date of the Act. Section 1b does not differ from Section 1a in this respect. Both sections authorize "high school tuition payment of Seven Dollars and Fifty Cents per pupil per month." Section 1b is not made applicable in terms to months preceding the effective date of House Bill 176.

It is, of course, true that Section 1b amends House Bill 284, 47th Legislature, the Rural Aid Law operative during the current biennium. But the fact that it is an amendment does not authorize a construction attributing to it a retrospective operation. Original provisions appearing in an amended act are to be regarded as having been law since they were enacted, while new provisions are to be construed as enacted at the time the amendment took effect. American Surety Co. of N. Y. v. Axtell Co., 120 Tex. 166, 36 S. W. (2) 715; Shipley v. Floydada Independent School District, 250 S. W. 161. In accordance with the general rules applicable to legislative enactments, unless required in express terms or by clear implication, an amendatory act will be construed prospectively and not retrospectively. 59 C. J. 1131-1132. And in every case of doubt, the doubt must be solved against the retrospective effect. 59 C. J. 1161.

If we attempt to give to Section 1b a retrospective construction, we are at once confronted with the question: For what number of months prior to the effective date of House Bill 176 are the payments authorized to be made? The section does not specify the period, nor through the process of construction can it be determined with reasonable certainty. In such case, to say that the section operates retrospectively, requires that it be condemned for want of certainty, and because it violates Article 8, Section 6 of the Constitution, requiring "specific" appropriations. This section controls the purpose and the amount of expenditures from the appropriation made in the Act. Certainly, a provision which directs the expenditure of monies from the Treasury in a certain amount for "each month", but fails to afford a standard by which the months for which the payments are to be made can be ascertained with reasonable certainty, is not "specific", within the meaning of Article 8, Sec-

Honorable Geo. H. Sheppard - page 5

tion 6, of the Constitution. McCombs v. Dallas Co., 130 S. W. (2) 975, Peabody v. Russel, 302 Ill. 111, 134 N. E. 150, 20 A. L. R. 973, 59 C. J. 261.

The language used by the Supreme Court of Texas in Rockwall Co. v. Kaufman Co., cited supra, is applicable here:

> "It would have been easy for the Legislature, by the use of apt words, to have made the provisions applicable to past as well as future cases; but no such words appear in the act."

We have not overlooked the rule that a provision of an act will not be given a construction which will render it nugatory, or mere surplusage, if another construction can reasonably be placed upon it. This rule, however, does not authorize or require that we indulge in a mere guess at the legislative intention as to retrospective operation, where the language used is so uncertain that neither the intent that it should operate retrospectively, nor the period which its retrospective operation, if any, should cover, can reasonably be determined from the language used.

You are therefore advised that Section 1b does not authorize the payments described therein to be made for months prior to the effective date of House Bill 176.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
Assistant

RWF-MR

APPROVED SEP 3, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY [initials] CHAIRMAN